UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

---

DREW KARLBERG, individually and on behalf of all others similarly situated,

　　　　　Plaintiff,

v.

SANTANDER BANK, N.A.,

　　　　　Defendant.

Case No: _____

Class Action

---

## NOTICE OF REMOVAL

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**PLEASE TAKE NOTICE,** that Defendant Santander Bank, N.A. ("Defendant" or "Santander"), by and through its undersigned counsel, hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453. Removal is proper for the following reasons:

### Procedural History

1. On April 26, 2017, Plaintiff Drew Karlberg, individually and on behalf of others similarly situated (the "Plaintiff") filed a putative Class Action Complaint (the "Original Complaint") commencing this action in the Pennsylvania Court of Common Pleas, Philadelphia County (the "State Court"), captioned as *Karlberg v. Santander Bank, N.A.*, Case No. 170403795 (the "State Court Action").

2. On June 21, 2017, Santander filed Preliminary Objections to Plaintiff's Original Complaint in the State Court Action.

3. On July 11, 2017, Plaintiff filed an Amended Putative Class Action Complaint (the "Amended Complaint") in the State Court Action.

4. On July 12, 2017, undersigned counsel for Santander was served with a copy of the Amended Complaint via email and via the State Court's electronic filing system.

5. On August 1, 2017, Santander filed Preliminary Objections to Plaintiff's Amended Complaint in the State Court Action.

6. Fewer than thirty (30) days have elapsed since the date of service of the Amended Complaint.

7. Pursuant to 28 U.S.C. § 1446, Santander attaches a copy of the Complaint, Amended Complaint and all other known papers filed in the State Court Action as **Exhibit A** hereto.

8. The State Court Action is a civil action that is properly removable to this Court pursuant to 28 U.S.C. § 1441(b).

### Plaintiff's Allegations

9. In September 2014, Plaintiff obtained a $104,500.00 residential mortgage loan on his primary residence from Santander. See Amended Complaint, ¶¶ 17-18.

10. Plaintiff contends that, at the time the parties signed the Mortgage Agreement (as defined in the Amended Complaint), Plaintiff received an Initial Amortization Schedule ("Initial Amortization Schedule") from Santander. *Id.* at ¶ 20.

11. Plaintiff alleges that the monthly premium for private mortgage insurance ("PMI") that he was actually charged was greater in certain months than the PMI premiums listed on the Initial Amortization Schedule. *Id.*

12. Accordingly, Plaintiff alleges continued overcharging of Plaintiff and the purported class for monthly PMI premiums in connection with PMI issued by United Guaranty (as defined in the Amended Complaint) ("UG") and collected by Santander. *Id.* at ¶ 1.

13. Based upon these allegations, Plaintiff has filed this putative class action asserting causes of action for (i) Violations of Pennsylvania Unfair Trade Practices and Consumer Protection Law, (ii) Breach of Contract, (iii) Unjust Enrichment/Restitution, (iv) Breach of Fiduciary Duty and (v) Declaratory Judgment.

14. Plaintiff purports to act on behalf of "All Pennsylvania citizens: (a) who had mortgage loans serviced by Santander, (b) who were required to pay PMI in conjunction with their mortgage payments, (c) who received an Initial Amortization Schedule or other such agreement detailing the PMI payment schedule, (d) who were overcharged by Defendant any amount over the PMI amounts detailed in their Initial Amortization Schedule or other such agreement, (e) who were current on all loan payments, and (f) were paying the minimum monthly loan payment detailed in their Initial Amortization Schedule, or were paying over the monthly loan payment detailed by the Initial Amortization Schedule" (the "Purported Class").

15. Plaintiff requests that the Court "enter judgment against Defendant . . . and award Plaintiff and the [Purported] Class actual and statutory damages **for each instance** of unfair or deceptive acts including, but not limited to, **each instance** in which Santander overcharged its mortgage borrowers in excess of the parties' agreed-upon PMI, **in an amount in excess of $50,000**, **treble damages**, together with interest, costs of suit, reasonable **attorneys' fees**, and such other relief as the Court deems appropriate." *Id.* at p. 11 (emphasis added).

16. Plaintiff also seeks **punitive damages**. *Id.* at p. 15.

## Grounds for Removal

17. 28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

18. Although complete diversity is not required under the Class Action Fairness Act ("CAFA"), complete diversity exists in this case.

19. As averred in the Complaint, Plaintiff is a citizen of the Commonwealth of Pennsylvania residing at 1219 N. 30th Street, Philadelphia, PA 19121. *See id.*, ¶ 9.

20. Plaintiff further seeks to represent a class who are "Pennsylvania citizens." *Id.* at ¶ 33.

21. Santander is a national banking association organized and existing under the laws of the United States, chartered in the State of Delaware. In accordance with 12 U.S.C. § 1464(x), Santander is deemed to be a citizen only of the state in which it has its "home" office. Santander's home office, as set forth in its articles of association, is located at 824 North Market Street, Suite 100, Wilmington, Delaware. For the purposes of diversity jurisdiction under 12 U.S.C. § 1332, Santander is a citizen of the State of Delaware. *See* 12 U.S.C. § 1464(x); *see also Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 306 (2006); *Roberts v. Santander Bank, N.A.*, 141 F. Supp. 3d 164, 165-66 (D. Mass. 2015) (finding that Santander is a citizen of the State of Delaware for purposes of diversity jurisdiction).

22. As Plaintiff is a citizen of Pennsylvania, the purported class members are all citizens of Pennsylvania, and Santander is a citizen of Delaware, this action is between citizens of different states. *See* 28 U.S.C. § 1332.

23. Based solely on the damages sought per instance of PMI overcharging as pled in Plaintiff's Amended Complaint, and the number of potentially affected loans identified in the Declaration of Gregory A. Gabryluk (the "Santander Decl.") filed contemporaneously herewith, the total amount in controversy exceeds $5,000,000.00.

24. Jurisdiction under CAFA may exist when the amount in controversy exceeds $5,000,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6). To determine the amount in controversy under CAFA, the Court must aggregate the claims of all class members. *Id.*

25. Here, the named Plaintiff, who claims to be representative of the class members, seeks damages in excess of $50,000.00 per instance of alleged PMI overcharging, plus treble damages, punitive damages and attorneys' fees, in addition to interest and costs.

26. As set forth in the attached Santander Decl., for removal purposes only based upon the allegations facially contained in the Amended Complaint[1], Santander conducted a review of its mortgage portfolio, with the assistance of personnel at UG, to identify whether any of its Pennsylvania loans included a charge assessed by UG for a PMI premium amount that may have been in excess of the amount set forth on the customer's initial amortization schedule. *See* Santander Decl., ¶ 5.

27. As a result of this review, Santander has identified a total potential population of 281 Pennsylvania loans that may satisfy the alleged criteria. *See id.* at ¶ 6.

28. By multiplying this potential population of loans by the $50,000.00 demanded by Plaintiff for each instance of alleged PMI overcharging, the CAFA jurisdictional threshold is

---

[1] This Notice of Removal is based only upon the allegations set forth in the Amended Complaint regarding the alleged amount in controversy and does not reflect what Santander believes is the actual scope of any alleged potential class and/or alleged damages.

met. Including treble damages, punitive damages and attorneys' fees further increases the margin by which this matter, as pled, exceeds the CAFA jurisdictional threshold.

29. Pursuant to 28 U.S.C. § 1391, venue is proper in the United States District Court for the Eastern District of Pennsylvania. Plaintiff filed the Complaint in the Pennsylvania Court of Common Pleas, Philadelphia County, which is located the territory of the Eastern District of Pennsylvania.

30. Santander is filing this Notice of Removal within 30 days of its receipt of the Amended Complaint pursuant to 28 U.S.C. § 1446(b)(3).

31. In accordance with 28 U.S.C. § 1446(d), a Notice of Filing of Notice of Removal of Action to Federal Court is being filed with the State Court, contemporaneously with the filing of this Notice of Removal. Attached hereto as **Exhibit B** is a copy of the Notice of Filing of Notice of Removal to Federal Court.

32. A true and correct copy of the instant Notice of Removal has been served on Plaintiffs' counsel of record by FedEx overnight delivery, as reflected in the Certificate of Service filed herewith, pursuant to 28 U.S.C. § 1446(d).

33. Based on the foregoing, Santander has met its burden of establishing that this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332.

34. In removing this action, Santander does not intend to waive any rights or defenses to which it is otherwise entitled to under the Federal Rules of Civil Procedure.

WHEREFORE, Defendant Santander Bank, N.A. respectfully requests that the above-described action pending in the Pennsylvania Court of Common Pleas, Philadelphia County, be removed therefrom to this Court and proceed in this Court as properly removed.

Respectfully submitted,

**PARKER IBRAHIM & BERG LLC**

/s/ Scott W. Parker
_____
Scott W. Parker, Esq. (#319881)
Fred W. Hoensch, Esq. (#208894)
1635 Market Street, 11th Floor
Philadelphia, PA 19103
Telephone: (267) 908-9808
Fax: (267) 908-9888
fred.hoensch@piblaw.com
*Attorneys for Defendant,*
Santander Bank, N.A.

Dated: August 9, 2017