IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DREW KARLBERG, et al.          :        CIVIL ACTION
                               :
         v.                    :
                               :
SANTANDER BANK, N.A.           :        NO. 17-3561

MEMORANDUM

Bartle, J.                                    October 25, 2017

Plaintiff Drew Karlberg, a Pennsylvania citizen, individually and on behalf of others similarly situated, originally filed this action against defendant Santander Bank, N.A., a Delaware citizen, in the Court of Common Pleas of Philadelphia County. He alleges various state law causes of action related to improper overcharges for private mortgage insurance collected, held in trust, and distributed by defendant. The putative class consists only of Pennsylvania citizens.

After plaintiff's amended class action complaint was docketed in the state court on July 11, 2017, the defendant filed a Notice of Removal in this court on August 9, 2017. The Notice of Removal avers that the individual plaintiff and the defendant are of diverse citizenship and that the other jurisdictional requirements of the Class Action Fairness Act, 28 U.S.C. § 1332(d), have been met, including an aggregate

amount in controversy in excess of $5,000,000, exclusive of interest and costs. See § 1332(d)(2) and (6).

The plaintiff has now filed a Motion to Remand. While there is no dispute about the existence of diversity of citizenship, plaintiff maintains that the jurisdictional amount cannot be satisfied. He also argues that the Notice of Removal was untimely.

Removal of an action over which the district court has original jurisdiction must occur "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief." § 1446(b)(1); see also id. § 1441. Section 1446(b)(3) further provides:

> Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.[1]

Here, the original complaint was filed on April 26, 2017. It sought damages for overcharges of premiums but the amount was never quantified. After careful review, the court concludes that the amount in controversy could not reasonably be

---

1. The provisions of § 1446(c) relating to the timing of removal are not applicable here.

ascertained from that pleading.  The plaintiff, however, as noted above, filed an amended class action complaint in the state court on July 11, 2017.  That pleading contained more detailed allegations of damages.  The Notice of Removal was timely filed within thirty days thereafter.  The plaintiff's argument that defendant's Notice of Removal was late is without merit.

Plaintiff next contends that the amount in controversy required under the Class Action Fairness Act has not been satisfied.  See id. § 1332(d)(2).  Under the Act, "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."  See id. § 1332(d)(6).

In the amended complaint, plaintiff alleges five state law causes of action:  (1) Count I - violations of Pennsylvania Unfair Trade Practices and Consumer Protection Law; (2) Count II - breach of contract; (3) Count III - unjust enrichment/restitution (pled in the alternative); (4) Count IV - breach of fiduciary duty (pled in the alternative); and (5) Count V - declaratory judgment.  Count I pleads the following claim for actual and statutory damages for plaintiff and the class:

> [F]or each instance of unfair or deceptive
> acts including, but not limited to each
> instance in which Santander overcharged its
> mortgage borrowers in excess of the parties'
> agreed-upon PMI, in an amount in excess of
> $50,000, treble damages, . . . [and]
> reasonable attorneys' fees . . . .

Plaintiff also seeks punitive damages in the count for breach of fiduciary duty in addition to the damages claimed for violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law.

Defendant's Notice of Removal reads the amended complaint as seeking damages in excess of $50,000 for each instance of an alleged monthly mortgage insurance overcharge in addition to seeking treble damages, punitive damages, and attorneys' fees. In a declaration which accompanied the Notice of Removal, an assistant vice president of defendant states that defendant has reviewed its mortgage portfolio and that "[a]s a result of this review, Santander has identified a total potential population of 281 Pennsylvania loans that may satisfy the alleged class criteria as pled in the Amended Complaint." If defendant's reading of the amended complaint is correct, the aggregate amount in controversy with appropriate multiplication is clearly greater than $5,000,000.

Plaintiff does not challenge the number of loans which equates to significantly more than the minimum of 100 class members required for removal of a putative class action.

See id. § 1332(d)(5)(B).  However, plaintiff maintains that while the plaintiff and the putative class seek damages for each monthly overcharge the amount of each overcharge is only a few dollars as shown by the amended complaint and its exhibits.  The plaintiff himself has alleged a loss of only $52.  The claim for damages in excess of $50,000, plaintiff asserts, is in the aggregate and was simply stated to conform to a local procedural requirement in the Court of Common Pleas of Philadelphia County to avoid having the case placed in the court's mandatory arbitration program.  See Phila. R. Civ. P. 1301.

In St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283 (1938), the Supreme Court many years ago outlined the standard for determining whether the amount in controversy requirement has been met.  The sum claimed by plaintiff controls "if the claim is apparently made in good faith.  It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."  Id. at 288-89.  In making its decision, the court may review the face of the pleadings.  Id.  It may also determine from the proofs whether plaintiff to a legal certainty was never entitled to recover the amount pleaded.  Id.

The parties cite more recent decisions of our Court of Appeals.  In Morgan v. Gay, 471 F.3d 469 (3d Cir. 2006), the Court expounded the standard and its application in determining

whether the amount in controversy under 28 U.S.C. § 1332(d) has been satisfied in a putative class action removed from the state court. There, the complaint explicitly stated that the aggregate amount in controversy did not exceed $5,000,000. Id. at 471. The Court noted that the good faith standard and the legal certainty test are "entwined." Id. at 474. It went on to explain that the party invoking federal subject matter jurisdiction "has the burden to prove to a legal certainty that the amount in controversy exceeds the statutory threshold." Id. at 474. In addition, the court must determine whether plaintiff's actual monetary demand satisfies the jurisdictional threshold even if plaintiff states a demand below the threshold and under state law plaintiff may limit his claim to such an amount. Id. at 474-75. Significantly, a plaintiff's demand in the complaint is "not dispositive under the legal certainty test." Finally, the court must not only examine the plaintiff's dollar demand but also his or her "actual legal claims." Id. at 475.

The Court of Appeals in Frederico v. Home Depot, 507 F.3d 188, 193-97 (3d Cir. 2007) revisited the issue of the amount in controversy requirement for removal of a class action. It reiterated that the party invoking federal jurisdiction has the burden of proving that the action belongs in the federal court. Id. at 193. Frederico explained that the test set forth

in Morgan applies only where the complaint expressly limits the damages to an amount below the jurisdictional threshold. Id. at 196-97. In a case like Morgan, the defendant must establish to a legal certainty that plaintiffs can recover at least the threshold amount. Id. at 197. In contrast, where the complaint as here and in Frederico does not specifically state that the amount in controversy is less than the threshold sum, the case must be remanded if it appears to a legal certainty that the challenger, that is the plaintiff, cannot recover the requisite jurisdictional amount. Id. at 197.

In 2011, after Morgan and Frederico, Congress enacted the Federal Court Jurisdiction and Venue Clarification Act. Pub. L. No. 112-63, 125 Stat. 758 (2011). There Congress clarified the procedure and standard for determining if the amount in controversy requirement has been met when an action is removed from the state court. See Dart Cherokee Basin Operating Co. v. Owens, 135 S. Ct. 549, 554 (2014). Section 1446(c)(2) provides:

> (2) If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that—
>
>    (A) the notice of removal may assert the amount in controversy if the initial pleading seeks—
>
>       (i) nonmonetary relief; or

> > (ii) a money judgment, but the State
> >   practice either does not permit demand
> >   for a specific sum or permits recovery
> >   of damages in excess of the amount
> >   demanded; and
>
> > (B) removal of the action is proper on the
> >   basis of an amount in controversy
> >   asserted under subparagraph (A) if the
> >   district court finds, by the
> >   preponderance of the evidence, that the
> >   amount in controversy exceeds the amount
> >   specified in section 1332(a).[2]

The Supreme Court explained in Dart, a case involving the Class Action Fairness Act, that when the plaintiff invokes federal jurisdiction, the statement in the complaint of the jurisdictional amount must be accepted if made in good faith. 135 S. Ct. at 553. On the other hand, if the defendant removes the action, the plausible statement in the Notice of Removal concerning the jurisdictional amount must be accepted unless challenged by the plaintiff or questioned by the court. Id.

When the amount in controversy is challenged by the plaintiff or questioned by the court, "both sides submit proof and the court decides, by a preponderance of the evidence,

---

2. While § 1446(c)(2) refers to removal of an action where jurisdiction exists under § 1332(a), the Supreme Court in Dart assumed without deciding that this provision also applies to the removal of class action cases where jurisdiction is predicated on § 1332(d)(2) and the amount in controversy must exceed $5,000,000. As the court observed, there seems to be no logical reason why the standard for removing § 1332(d)(2) cases should be any more onerous than for § 1332(a) cases. Dart, 135 S. Ct. at 554, n.1.

whether the amount-in-controversy requirement has been satisfied." Id. at 554. The Supreme Court also quoted from the Report of the House Judiciary Committee that "defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met." Id. It further cited the Report that discovery may be taken to help resolve the jurisdictional issue and that the district court is to apply the preponderance of the evidence standard in making its findings. Id. To the extent that Morgan and Frederico are inconsistent with Dart, we must of course follow Dart.

The plaintiff has challenged the defendant's contention in its Notice of Removal that this action meets the requisite amount in controversy for federal subject matter jurisdiction. The plaintiff maintains that defendant misreads the amended complaint and that even if the amended complaint can be read to plead the requisite amount in controversy, the sum of the damages he and the class seek in good faith do not allow for removal. Consequently, in accordance with Dart, the court held a hearing to provide the defendant, the party invoking federal jurisdiction, an opportunity to establish by a preponderance of the evidence that the aggregate amount in controversy surpasses $5,000,000, exclusive of interest and costs.

At the hearing, defendant chose to rest on its Notice of Removal and the allegations in the amended complaint. The

plaintiff likewise did not present any evidence.  After careful review of the amended complaint, the claims alleged, and the Notice of Removal, the court finds that the defendant has not established by a preponderance of the evidence that the amount in controversy has been satisfied.  While the plaintiff's pleading is inartfully drafted, we find that the amount sought in good faith by the plaintiff and each class member for each monthly overcharge is only tens of dollars at most.  In light of the facts pleaded and the legal claims asserted, it is not plausible that the class can recover in excess of $5,000,000, exclusive of interest and costs.

Accordingly, this action will be remanded to the Court of Common Pleas of Philadelphia County for failure to meet the jurisdictional amount in controversy.